Isaac Jackson *& al. in equity, versus* Lot Myrick,
Josiah Myrick,
Cushing Bryant,
Augustus F. Lash,
Eben'r D. Robinson,
Bartlett Sheldon
and Wife,
Joseph Stetson,
Daniel Fly,
Nathaniel Bryant.

In a bill to redeem mortgaged real estate, the plaintiffs, to establish their right to redeem, proved the following state of facts. Soon after the giving of the mortgage, one B claimed some interest in the land, and conveyed to certain purchasers a few small pieces of it. Some of his execution creditors, (whose rights the plaintiffs have,) levied his supposed life estate in the premises, and then brought an action against him for possession and mesne profits, in which they prevailed.

*While that suit was pending,* the mortgager conveyed to said purchasers the small pieces above named ; and also conveyed to B the whole premises, taking back from B a mortgage.

The bill was against the original mortgagees, and against B, and also against the mortgager and the persons who claimed the small lots under B. *Held*, the defendants were not estopped to deny that B had any interest in the land, when the first suit was commenced, and that the plaintiffs' right to redeem was not established.

An action in a plea of land, was brought against B, founded on the levy of an execution against him, in which he pleaded that he was not tenant of the freehold, and in which judgment was rendered against him.

Pending that suit, N conveyed to him the land in controversy, and took back a mortgage of it. In a suit by the same plaintiffs, neither B, nor N, nor persons claiming under them, are estopped to deny that B had any interest in the land at the commencement of the first suit.

THIS is a bill in equity to redeem real estate mortgaged.

The estate at one time belonged to Nathan W. Sheldon. He mortgaged it Oct. 12, 1837, to Lot Myrick, Cushing Bryant, Josiah Myrick and Augustus F. Lash, to secure the payment of three notes, one of $333,34, and two of $333,33 each, to Lot Myrick and Josiah Myrick.

It is against that mortgage that the bill seeks to redeem.

Whether the plaintiffs have established in *themselves* a right to redeem, is the exact and decisive inquiry, upon which the case turned. It will not be necessary, therefore, to exhibit any more of the case than relates to that inquiry.

The plaintiffs claim the right under Bartlett Sheldon, through a levy, which was made on the 17th Feb. 1842, upon his supposed life estate in the premises. The levying creditors, immediately after said levy, sued their writ of entry against said Bartlett, and recovered judgment for possession and mesne profits, May, 1846. Said Sheldon pleaded *non tenure*, in that suit.

All the rights of the said levying creditors came by due course of conveyance to the plaintiffs, who seasonably requested the mortgagees to render an account of rents, &c., that they might redeem. But no such account was rendered.

The bill charged that N. W. Sheldon, on the 10th October, 1841, conveyed the land to Bartlett, to hold for the term of his natural life.

The defendants in their joint and several answers, deny that N. W. Sheldon delivered such a life estate conveyance, to Bartlett; but assert that, if ever such a conveyance was drawn up, it was deposited with E. D. Robinson, as an *escrow*, to be delivered to said Bartlett on certain conditions, which were never performed; and that it never was delivered, but was afterwards canceled in the presence and by the consent of all parties. And they assert that they have no knowledge or

belief that said Bartlett ever had such a life estate in the premises.

The plaintiffs then amended the bill, " by inserting an amended description of the conveyance from Nathan W. Sheldon to Bartlett Sheldon, as follows," viz: " And there-afterwards said Nathan W. by his deed indented, duly executed, dated Oct., 1841, conveyed the same mortgaged premises to said E. D. Robinson, to his heirs and assigns forever, in trust for the use of said Bartlett and his wife, Lucy H. and their heirs forever, and said Robinson accepted said trust, and executed said deed, on his part, covenanting to fulfil said trust."

The plaintiffs further charge, that *before* the last named deed was given, and soon after the giving of said mortgage deed, said Nathan W. for a sufficient consideration, conveyed the same premises to Bartlett Sheldon, his heirs and assigns forever ; that said Bartlett having entered into the premises, continued to occupy and improve the same as his own rightful property ; that said Bartlett conveyed parcels of said land to different persons, viz : one parcel to Joseph Stetson on Nov. 26, 1837, in consideration of $360 ; one parcel in Jan. 1838 ; one parcel to L. S. Hubbard, Sept. 30, 1841, in consideration of $800 ; and that afterwards, in order to defraud the plaintiffs and also the creditors of said Bartlett, and to defeat the titles to the parcels said Bartlett had conveyed as aforesaid, the last named deed from Nathan to Bartlett, was delivered up to said Nathan and canceled, without having been recorded ; and the deed of trust was made in lieu thereof. And that afterwards, for the purpose of defeating the said levy which was made as aforesaid, upon said Bartlett's life estate, the said deed of trust was fraudulently given up and canceled.

Josiah Myrick died since the bringing of this suit.

A bill of revivor has been brought against E. W. Farley, administrator to said Josiah and also against four children and heirs of said Josiah.

To this bill of revivor the respondents therein have pleaded that the mortgage was given to secure notes made payable to

Lot and Josiah Myrick, and that on the death of Josiah the notes became the property of Lot, by survivorship.

Augustus F. Lash also died after the bringing of this suit, and a bill of revivor has been brought against his representatives to which they have pleaded the same plea in substance as that offered by the representatives of Josiah Myrick.

It appeared at the trial that N. W. Sheldon, while the suit against Bartlett was pending for the mesne profits, by deed dated October 20, 1843, conveyed to Bartlett the mortgaged premises, and that Bartlett, by deed dated October 19, 1843, mortgaged back sixty acres, "being part of the same farm this day conveyed by said Nathan to me;" that judgment in said suit for mesne profits was recovered against said Bartlett in 1846, the suit having been commenced in May, 1842.

Nathan W. Sheldon, in 1842, conveyed to Stetson and Hubbard, respectively, the lots which Bartlett had conveyed them.

Bartlett Sheldon and N. W. Sheldon are made defendants in this suit, as well as the original mortgagees, as also is Stetson and also Bryant, who claims under Hubbard, and Flye, who claims under Stetson.

The facts, deemed by the Court essential in the decision of the case, are stated in their opinion.

*Ruggles*, for plaintiffs.

1. The deed of trust, N. W. Sheldon to E. D. Robinson, as trustee for Bartlett Sheldon and his wife, and the levy of execution, *Jackson & al.* v. *Bartlett Sheldon*, gave them a life estate in the mortgaged premises, subject to the mortgage. *Waite* v. *Belding*, 24 Pick. 129, 133; *Cook* v. *Holmes*, 11 Mass. 526, 531; *Hawley* v. *Northampton*, 8 Mass. 3.

2. The judgment recovered by *Jackson & al.* against *Bartlett Sheldon*, in a writ of entry, commenced May, 1842, estops said Bartlett from denying the execution and delivery of the said deed of trust, and binds his assignees becoming such *pendente lite*, and all claiming from or through him subsequently. Story's Eq. Jur. § 405 and 416; Daniel's Chan. 1267; *Atlas*

*Bank* v. *Nahant Bank*, 23 Pick. 489, 490 ; *Eldridge* v. *Acocks*, 2 Pick. 319 ; Jackson on Real Actions, 145, note u ; *Bishop of Winchester* v. *Paine*, 11 Ves. 194 ; Fonbl. Eq. b. 2, chap. 6, § 3, note n.

3. Nathan W. Sheldon has no title and claims none, but by virtue of a mortgage from Bartlett Sheldon, dated 1843, of about sixty acres, part of said premises ; and being an assignee *pendente lite*, he is bound by the judgment against said Bartlett, and the deed would give him but a reversionary interest in the bond. And if it were otherwise, he could not deny plaintiffs' right to redeem, in respect to the residue.

4. Stetson, Fly and N. Bryant, (parties defendants,) owners each of but an acre or two of the premises, deriving their title from N. W. Sheldon before the matter of estoppel, and also from Bartlett Sheldon by former deeds, may not be affected by the judgment against Bartlett, and might either of them redeem. But they cannot question the plaintiff's right to redeem also, in respect to the residue, and are liable to contribution. *Taylor* v. *Porter*, 7 Mass. 355.

5. *Lot Myrick* and *Cushing Bryant*, claiming no interest but by virtue of the mortgage, are, on this question of redemption, estopped to deny the plaintiffs' right to redeem, by whatever estops those who claim the right in equity to redeem adversely to plaintiffs.

So with the representatives of *Augustus F. Lash*, and the representatives of *Josiah Myrick*, the deceased mortgagees. As to the operation of the deed of quitclaim from Bartlett Sheldon to Lot and Josiah Myrick, of January, 1846, the former never having taken delivery of it and repudiating it, took no interest by it, and the latter was, and his representatives are, estopped to claim any thing by it, except a reversionary interest, expectant on the death of Bartlett Sheldon.

There being no others claiming any interest adverse to plaintiffs, their right to redeem is clear and unquestionable.

6. The foregoing positions present the case independently of any question as to the actual execution and delivery of the deed of trust of 1841, and steers wide of the palpable trick, fraud

and contrivance, by which, as plaintiffs say, Bartlett Sheldon and his brother Nathan W. Sheldon have sought to elude and defraud the creditors of the former, and for that purpose to avoid the effect of the trust deed.

That attempted fraud has once undergone the fullest investigation, when N. W. Sheldon had the benefit of his own testimony before a jury, to the whole transaction, and the verdict in that case is conclusive upon Bartlett Sheldon and upon all claiming by, through or under him. The defendants, Stetson, Fly and N. Bryant, are the only persons now who have any right to make an issue on that point, and they may not have any occasion to do so.

7. The plaintiffs, having a right to redeem by virtue of their life estate in the mortgaged premises, may pay the balance due on the mortgage, and hold the land during the life of Bartlett Sheldon and until others interested in the estate, shall contribute according to the established rules and principles of equity.

For the settling of those outstanding equities, and future contingencies, this bill may be retained, on the question, should any ever arise, among these or other parties, who may become interested in the estate.

8. One tenant in common has a right to redeem and may claim to know what is due for that purpose. In preferring his bill it was necessary to make all others interested, parties, plaintiffs or defendants. He made Stetson, Fly, &c. parties defendants, they declining to be co-plaintiffs. *Gibson* v. *Crehore*, 5 Pick.

9. The mortgagers in this case were tenants in common and on the death of Myrick and Lash, two of the mortgagers, their heirs should be made parties by revivor in respect to the realty, and their administrators in respect to the account to be taken of the moneys received on the mortgage, and of the rents and profits and repairs.

10. The representatives of Josiah Myrick should be made parties by revivor on account also of the deed of Bartlett Sheldon to Lot and Josiah Myrick, of January, 1846.

*S. E. Smith,* for N. W. Sheldon.

*M. H. Smith,* for other defendants.

SHEPLEY, C. J. — The plaintiffs claim the right to redeem the estate conveyed in mortgage, by Nathan W. Sheldon to Lot Myrick, Josiah Myrick, Cushing Bryant and Augustus F. Lash, on October 21, 1837.

Since the answer of the mortgagees was filed, two of them have deceased, and the plaintiffs have filed a bill of revivor. To that, the parties summoned have appeared and pleaded.

The answers of the mortgagees admit the existence of the mortgage and deny that the plaintiffs have acquired any such interest in the estate as will authorize them to redeem it.

In proof of their title the plaintiffs exhibit a judgment recovered by Jackson and Tilton against Bartlett Sheldon, and the levy of an execution issued thereon made on February 17, 1842, on the life estate of Bartlett Sheldon in the premises, and deeds, by which the estate acquired by the levy has been conveyed to them. The principal question presented in the case is, whether Bartlett Sheldon had acquired any estate in the premises before the levy was made. The plaintiffs allege, that he had in two different modes. First by a deed of release from Nathan W. Sheldon to him; and secondly, by a deed from Nathan W. Sheldon to Ebenezer D. Robinson, conveying the estate to him in trust, to permit Bartlett Sheldon and Lucy his wife, and their heirs, to enjoy the use and occupation thereof forever.

There is proof, that such a deed of release was exhibited by Bartlett Sheldon. Its existence is denied by the answers of Nathan W. and Bartlett Sheldon. It is at least doubtful, whether a power of attorney from Nathan W. to Bartlett Sheldon was not the document, which was seen instead of a deed of release. However this may be, there is no proof of the legal execution of such a release deed by Nathan W. Sheldon, and without it the title of Bartlett Sheldon would not be established. The plaintiffs failed to prove that Bartlett Sheldon acquired any title to the premises by such a deed.

It does appear, that Nathan W. Sheldon in October or November, 1841, signed and acknowledged a deed, purporting to convey the premises to Ebenezer D. Robinson in trust, and that it was placed in the hands of Bartlett Sheldon, to be by him handed to Robinson; that Robinson received and detained it until February 15, 1842, when he signed and acknowledged it and left it in the hands of Ebenezer Webb, where it remained until the month of June, 1842, when it was handed by Webb to Nathan W. Sheldon in the presence of Robinson and Bartlett Sheldon; and that Nathan W. Sheldon there cut his name from the deed, and carried the deed away.

The defendants contend, that this deed was never delivered as a deed; that it was deposited with Webb as an *escrow* to be delivered by consent of parties upon the performance of certain conditions, which were never performed.

The plaintiffs deny, that there were any such conditions, and allege in substance, that if any attempt was made to prevent its becoming legally operative to convey the estate, it was made in fraud of the creditors of Bartlett Sheldon.

The plaintiffs have recovered a judgment at law against Bartlett Sheldon for mesne profits of the premises, declaring on their title acquired by the levy, and he is thereby precluded from again contesting their title. Bartlett Sheldon appears to have executed and delivered to Josiah Myrick a deed of release of his interest in the premises, to Josiah and Lot Myrick, bearing date on January 5, 1846. But Lot Myrick in his answer denies any knowledge of the existence of such a deed, until recently, and that he ever accepted of such a release. There is no proof that connects him with that deed. It is therefore inoperative as it respects him, and the other mortgagees not named in it. The mortgagees not being either parties or privies to the judgment before named, cannot be estopped by it.

Nathan W. Sheldon conveyed the premises to Bartlett Sheldon by deed of release on October 20, 1843, and received from him a mortgage of the same to secure the payment of a sum of money named in the deed.

The plaintiffs therefore contend, that the Sheldons are both estopped by the judgment before named, and that whatever estops them will also estop the original mortgagees to deny, that the plaintiffs have acquired a right to redeem. This position cannot be sustained. The title of the mortgagees derived from Nathan W. Sheldon in the year 1837, is not connected with or affected by any of the transactions, which have taken place since the plaintiffs made their levy. There is nothing presented in the case, which can operate to prevent them from insisting, that the plaintiffs shall establish their right to redeem. They must therefore prove, that the deed from Nathan W. Sheldon to Robinson, became an operative conveyance.

Nathan W. Sheldon in his answer says, " said deed was not to be delivered till said Bartlett paid or secured the payment of this defendant's said notes to said Myricks, and also certain other sums due from said Bartlett to this defendant or for which this defendant had become liable to pay." Bartlett Sheldon in his answer, and in a deposition taken by the plaintiffs, makes similar statements. Ebenezer D. Robinson in his answer, and in a deposition also taken by the plaintiffs, states in substance, that when he received the deed he was informed, that it was, when signed by him, to go into the hands of Ebenezer Webb, there to remain without being delivered, until Nathan W. Sheldon came to Newcastle, and then, if Bartlett Sheldon performed certain conditions, the deed was to be delivered ; if not it was to be given up, and that the conditions were not made known to him. Ebenezer Webb, in his deposition states, that the deed was placed in his hands by Bartlett Sheldon and Robinson with a request to keep it safely and not to make its existence known, and that it was not to be delivered up unless all three that signed it were present. That he has no recollection of any conditions to be performed by Bartlett Sheldon. This testimony of Webb, if considered alone, proves no more, than that it was, after having been signed and acknowledged, left in his hands, not for the use of the grantee, but subject to the future disposition of all, who were interested in it. The whole testimony on this point fails to prove, that

the deed was ever delivered to any person as an executed deed of conveyance.

If the proof were regarded as sufficient to show, that the estate was held by Nathan W. Sheldon in fraud of the creditors of Bartlett Sheldon, that would not authorize the plaintiffs to redeem it, without proof that they had acquired some title to it. Bartlett Sheldon never had any title to the estate, upon which a levy could be made, unless he acquired it from Nathan W. Sheldon, and there is no satisfactory proof, that he had before the levy, acquired any legal title in the premises.

As the plaintiffs fail to show any right to redeem, it will be unnecessary to consider the other questions presented in argument.                              *Bill dismissed with costs.*